THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* EVELYN NOLAN and Others, Defendants.

Supreme Court, Onondaga County, January 4, 1936.

*Ralph Shulman* [*Richard P. Byrne* of counsel], for the defendants, petitioners.

*William C. Martin, District Attorney* [*Donald M. Mawhinney* of counsel], for the plaintiff-respondent.

CREGG, J. The defendants, Evelyn Nolan, Irene Anna Weber, Lillian Weber and Althea (Aurelia) Burns, were charged with grand larceny in the theft of a fur coat in the city of Syracuse. They were tried in the County Court of Onondaga county during February, 1935. They were all convicted of the crime charged. Althea (Aurelia) Burns was placed on probation and the other three were given sentences of from five to ten years in Bedford Hills Reformatory. The latter three now make applications for certificates of reasonable doubt.

The applications are made upon several grounds:

*First.* That an air of general prejudice existed around the court-room throughout the trial, which was created through over-zealousness on the part of the assistant district attorney who tried the case.

*Second.* That several prejudicial errors were committed during the trial.

*Third.* That very damaging and prejudicial testimony was given by Neal C. Winberry, a witness sworn by the prosecution.

Whatever merit there may have been to the first two contentions these defendants have slept on their rights both in the prosecution of their appeals and in bringing their applications for certificates of reasonable doubt on for a hearing. Had they proceeded with reasonable diligence their appeals could have been heard and determined before this time. For these reasons I will consider here only the alleged prejudicial effect of the testimony of the witness Winberry, which I consider very serious.

That testimony related to a long distance telephone conversation between the defendant Irene Anna Weber, who was then in Buffalo, and Joseph Burns in New York city. He is the husband of the defendant Althea Burns. Winberry, a detective, was evidently listening in on the conversation. The portion complained of is as follows: " You had better do something and get that kid out of there before she talks about the Illinois murder."

The conversation evidently related to the defendant Althea Burns, who was then being held in the city of Syracuse on an open charge. The statement is alleged to have been made by Irene Weber. The defendants immediately moved for the withdrawal of a juror and a mistrial on the grounds that such statement could serve no useful purpose except to connect the defendants Burns and Weber with some murder in the State of Illinois, or at least to show guilty knowledge of such murder on their part, and thus inflame the minds of the jurors against the defendants.

It is a well-settled principle of law that in the interest of justice every person charged with crime starts his life anew when he stands

a prisoner at the bar before a jury. The only purpose such evidence could serve was to prejudice the jury against the defendant Irene Weber, to whom it directly referred. I cannot see how any fair-minded jury could help but give excessive weight to the insinuations that tended to connect this defendant in some manner with the Illinois murder, a charge in gravity that is second only to treason.

The true test upon these applications is, are the questions in the case of such gravity as to justify a review by the appellate court in advance of imprisonment of the defendants. The test is not that the Special Term must be convinced that the defendants are innocent.

It is enough if, in the opinion of the court, there is reasonable doubt whether the judgment was procured by fair means. (*People* v. *Zackowitz*, 254 N. Y. 192, 197.)

The Winberry testimony was admitted against the defendant Irene Weber only. For that reason it did not affect the defendants Evelyn Nolan or Lillian Weber. It is true that the record of Irene Weber is bad, but she was not charged with being an habitual criminal. She was tried for grand larceny in the theft of a fur coat. The evidence undoubtedly is sufficient to have warranted the jury in finding all of the defendants guilty as charged. But under our system of jurisprudence every defendant in a criminal case is deemed to be innocent until proven guilty. No one should be convicted of a lesser crime by insinuations during the trial that he or she may be guilty of a far more serious offense.

It is argued by the district attorney that the damaging statement contained in the testimony of the witness Winberry had no bearing upon the final determination of the jury and that such conversation was lost sight of in their deliberations because of the other evidence in the case. An examination of the summation of the assistant district attorney in which he said to the jury: " I think that if I were a juror in a case of this kind and wanted to do my duty I wouldn't require anything more than that telegram to convict each one of these four women. You take the telegram, gentlemen, along with this telephone conversation between Irene and Robert Burns. That is the strongest link in this case, because in that telephone conversation she said ' Did you get my wire last night,' " shows clearly that he emphasized the portion of the conversation above referred to although he did not mention specifically the damaging sentence complained of.

Again, the court in his charge in which he referred to the same telephone conversation as follows: " The police officer of New York city, I have forgotten his name, the one that testified about the conversation over the telephone and about receiving a telegram, his evidence is received as against Irene Weber only," emphasized

the importance of the telephone conversation but limited it to the defendant Weber. I do not find any place in the record where an attempt was made to correct this most grievous error.

In view of the foregoing and in the interest of fair play in the trial of criminal cases, I feel constrained to grant a certificate of reasonable doubt to the defendant Irene Weber. Considering, however, her past criminal record and the fact that she is not a resident of the State of New York, the amount of bail becomes of paramount importance. It should be in such a sum as will insure her presence after the decision of the higher court. The certificates are denied as to Evelyn Nolan and Lillian Weber.

Irene Anna Weber may be released pending her appeal upon filing a bond to be approved by this court in the sum of $20,000.

Orders may be entered accordingly.